**William D. DUNNE, Plaintiff–Appellant,**

v.

**D. SMITH; et al., Defendants–Appellees.**

No. 11–16342.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 17, 2012.

William D. Dunne, Pollock, LA, pro se.

Jeffrey James Lodge, Assistant U.S., USF—Office of the U.S. Attorney, Fresno, CA, for Defendants–Appellees.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Federal prisoner William D. Dunne appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that a prison policy restricting access to newspapers and magazines in the Special Housing Unit violated his First and Fifth Amendment rights. We have jurisdiction under 28 U.S.C

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review de novo. *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001). We affirm.

The district court properly granted summary judgment because Dunne failed to raise a genuine dispute of material fact as to whether the policy is not reasonably related to legitimate penological interests. *See id.* at 901 ("[A] regulation that impinges upon a prisoner's constitutional rights is valid if the regulation is reasonably related to legitimate penological interests." (citations and internal quotation marks omitted)). Nor did Dunne raise a genuine dispute of material fact as to whether he was actually denied access to the law library and reading material. *See W. Radio Servs. Co. v. U.S. Forest Serv.,* 578 F.3d 1116, 1119 (9th Cir.2009) (discussing the requirements of a Bivens action, including the deprivation of a federal right).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.